UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LETITIA RABY                          CIVIL ACTION

VERSUS                                NO.  03-1000

WESTSIDE TRANSIT                      SECTION "R" (4)


**ORDER**

Before the Court is a motion for summary judgment by
defendant Westside Transit to dismiss plaintiff Letitia Raby's
claims on the grounds that Raby cannot establish a claim under
Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000(e), et
seq.  The Court GRANTS defendant's motion to dismiss plaintiff
Letitia Raby's claims.


**I.    BACKGROUND**

Westside Transit provides and manages transit service for
Jefferson Parish.  Westside hired Letitia Raby, a black woman, as
a passenger relations manager on April 13, 1998, and promoted her
to assistant general manager on February 11, 2000.  After a

turbulent period of employment in this position, Westside terminated Raby on December 19, 2001.  On May 10, 2002, Raby filed a complaint with the Louisiana Commission on Human Rights and the Equal Employment Opportunity Commission, alleging unequal wages, denial of promotion, unequal terms and conditions of employment, and discriminatory discharge, all on the basis of her gender and race.  She received a right to sue letter from the EEOC on or about January 11, 2003, and she subsequently filed her complaint in this Court.  Westside now moves for summary judgment and asks that all of Raby's claims be dismissed.

## II.  LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Chelates Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party

2

will bear the burden of proof at trial, the moving party may
satisfy its burden by pointing out that the evidence in the
record contains insufficient proof concerning an essential
element of the nonmoving party's claim. *See Celotex*, 477 U.S. at
325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts
to the nonmoving party, who must, by submitting or referring to
evidence, set out specific facts showing that a genuine issue
exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not
rest upon the pleadings, but must identify specific facts that
establish a genuine issue exists for trial. *See id.* at 325;
*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).
In an employment discrimination case, the Court must "focus on
whether a genuine issue exists as to whether the defendant
intentionally discriminated against the plaintiff." *LaPierre v.
Benson Nissan, Inc.*, 86 F.3d 444, 447-48 (5th Cir. 1996).

    **B.   Title VII Claims**

    Title VII of the 1964 Civil Rights Act provides that "[i]t
shall be an unlawful employment practice for an employer . . . to
discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment,
because of such individual's race, color, religion, sex, or
national origin." 42 U.S.C. § 2000(e)-2(a). A Title VII
plaintiff bears the initial burden to prove a *prima facie* case of

discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). An employee can prove discrimination through direct or circumstantial evidence. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). To establish a *prima facie* case of employment discrimination under title VII using circumstantial evidence, a plaintiff must show (1) that she is a member of a protected class, (2) that she was qualified for the position, (3) that she was fired or suffered an adverse employment action, and (4) that the employer continued to seek applicants with the plaintiff's qualifications or that others similarly situated were more favorably treated. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996); *Urbane v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). The elements of a plaintiff's prima facie case necessarily vary with the facts of the case and the nature of the claim. *LaPierre*, 86 F.3d at 448 n.3.

Once established, the plaintiff's prima facie case raises an inference of intentional discrimination. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996); *see also McDonnell Douglas*, 411 U.S. at 802. The burden then shifts to the defendant to rebut that presumption by articulating a legitimate, nondiscriminatory reason for the

4

challenged employment action.  *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  The plaintiff then has the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  *Id*.  "The ultimate burden of persuading the trier of fact . . . remains at all times with the plaintiff."  *Id*.

To determine whether plaintiff can survive a motion for summary judgment, the Court will consider "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law."  *Reeves v. Sanderson*, 530 U.S. 133, 148-49 (2001).

## III. DISCUSSION

Raby makes four claims for relief under Title VII.  She alleges that she was discriminatorily: 1) paid unequal wages; 2) denied a promotion; 3) subjected to unequal terms and conditions of employment; and 4) discharged.  The Court examines each in turn.

### A.   Unequal wages

Title VII prohibits discrimination in compensation based on

an individual's sex or race.  *See* 42 U.S.C. § 2000(e)-2(a)(1).
To establish a prima facie claim for unequal pay under Title VII,
"the plaintiff must show that [s]he was paid less than a member
of a different race [or sex] was paid for work requiring
substantially the same responsibility." *Pittman v. Hattiesburg
Municipal Separate School District*, 644 F.2d 1071, 1074 (5th Cir.
1981).  Thus, in a disparate treatment case, the plaintiff must
show that she occupied a job similar to that of higher paid
workers of the opposite sex or a different race.  *Id*.  An
employer seeking to rebut a *prima facie* case of employment
discrimination need only articulate a legitimate
non-discriminatory reason for its actions.  *See Plemer v.
Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983).  If the
employer carries its burden of production, the plaintiff must
then show either that a discriminatory reason more likely
motivated the employer or that the employer's proffered
explanation is unworthy of credence.  *Id*.

     Raby alleges that during her time as assistant general
manager, she was paid unequal wages to "similarly situated male
employees."  She does not name these employees in her complaint.
Westside has submitted uncontroverted evidence that Raby was paid
more than Leroy Raymond, the senior operations supervisor, and
that Raby's job was entirely different from that of Bonnette

Cole, the maintenance manager.  In her response to Westside's motion for summary judgment, Raby asserts only that she was paid less than Noe Legaux, allegedly a subordinate who reported to her.  Raby has produced documents showing that she was paid $41,200.23 per year as of January 1, 2000, and Legaux was paid $48,913.95 in 1997.  Raby has submitted no evidence indicating that she actually supervised Legaux.  Indeed, she merely asserts that he was an "operations supervisor" at Westside, and produces a letter from Westside that indicates that in 2000, operations supervisors reported to the assistant general manager.  The uncontroverted evidence reveals, however, that Legaux worked as an "operations manager" until 1997, when he was laid off.  Raby has produced no evidence that an operations manager and an operations supervisor were the same job when she became assistant general manager in 2000, nor has she produced evidence of what the duties of an operations manager were.

Furthermore, Westside has submitted uncontroverted evidence indicating that Legaux's position required considerable experience in transportation management and specific knowledge about fixed-route bus service, prerequisites that Raby's job did not require and that Raby did not meet.  Raby has not identified any evidence to support a claim that she and Legaux were similarly situated.  Raby does not identify any other Westside

7

employee who had a similar job and received higher pay.  She thus
fails to make out a *prima facie* case of discrimination based on
unequal pay.

       2.   *Denial of Promotion*

     Raby alleges that she was passed over for a promotion to
general manager due to her race and/or gender.  In a failure to
promote claim under Title VII, a plaintiff must show that: (1)
she was within a protected class; (2) she was qualified for the
position sought; (3) she was not promoted; and (4) the position
she sought was filled by someone outside the protected class.
*Blow v. City of San Antonio,* 236 F.3d 293, 296 (5th Cir. 2001).
Raby admits that she never applied for the position, but she
alleges that Westside discriminatorily failed to make her aware
of the opportunity to do so.  Typically, a Title VII plaintiff
must have both sought and been rejected for a position in order
to maintain a claim for failure to promote.  *Davis v. Dallas Area
Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004).  However, when
an employer does not publish a vacancy or create a formal
application process, a plaintiff need not prove that she applied
for the position in order to make out a *prima facie* case of
discrimination.  *See Bernard v. Gulf Oil Corp.*, 841 F.2d 547, 570
(5th Cir. 1988).  Instead, a plaintiff may satisfy her *prima
facie* burden by proffering evidence "that the company had some

reason or duty to consider her for the post." *Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003); *Jones v. Flagship Intern.*, 793 F.2d 714, 724 (5th Cir. 1986); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984) (holding that an employer had a duty to consider the plaintiff when he had previously complained of being passed over, the employer had purely subjective promotion procedures, and there was no discernible reason why the employer considered other coworkers and not the plaintiff).

Even assuming that it would be logical for an employer to consider an assistant general manager when filling a vacancy in the position of general manager, Raby's claim nevertheless suffers from fatal problems. Westside asserts, and Raby does not contradict, that Raby admitted in her deposition that she could not say that she would have applied for the opening had she known about it. Further, the uncontroverted evidence shows that Raby was not qualified for the position. Westside has submitted uncontroverted evidence that one of the requirements for the general manager position was five years of experience in the transit industry. Raby had only three years of experience when the position became available. Because Raby was not qualified for the position and was equivocal about whether she would even have applied for it had she known about it, Raby fails to

establish a *prima facie* case for discrimination on this basis.

        *3.   Unequal terms and conditions of employment*

In response to defendant's motion for summary judgment, plaintiff responds that she "can prove a *prima facie* case that she was subjected to unequal terms and conditions of employment because of her race and gender inasmuch as plaintiff suffered working in a racially hostile work environment."  She then quotes the test for proving a claim of retaliatory action under Title VII.  The bulk of plaintiff's argument, however, is focused on establishing that there was a hostile work environment at Westside.

Title VII prohibits the creation of a hostile work environment.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).  To establish a hostile work environment claim, a plaintiff must demonstrate that: (1) she is member of a protected group; (2) she was the victim of uninvited sexual or racial harassment; (3) the harassment was based on sex or race; (4) the harassment affected a "term, condition, or privilege" of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.  *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (sex-based harassment); *Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000) (race-based harassment).  To state a claim on

this basis, a plaintiff must show that the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Morgan*, 536 U.S. at 116 (internal quotes omitted). To be actionable, the challenged conduct must be objectively offensive, meaning that a reasonable person would find it hostile and abusive. *Harvill*, 433 F.3d at 444 (*quoting Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)). Whether an environment is hostile or abusive depends on the totality of the circumstances, including factors such as the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance. *Septimus v. University of Houston*, 399 F.3d 601, 611 (5th Cir. 2005).

Raby alleges that from February 2000 through July 2001, she was shut out of the "boys club" and given the "real cold shoulder." She asserts that once she became assistant general manager, she upset her coworkers by strictly enforcing company policies. Her coworkers allegedly became hostile toward her as a result and proceeded to go over her head, pass misinformation to her supervisor, and shut her out of management activities. Raby

11

states that a subordinate was sent to a meeting "when it would have been more appropriate to send [Raby]," and that another subordinate taunted her by singing, "it won't be long until you're gone." Raby also alleges that a coworker passed misinformation to her supervisor about the condition of some bus station bathrooms in an attempt to undermine her. Finally, Raby alleges that she did not receive proper credit for stepping in to avert a crisis when one of Westside's buses broke down.

These allegations do not have an apparent connection to Raby's status as a member of a protected class. None of the language used or actions allegedly taken raises an inference of sexism or racism on its face. Raby does not link any of these allegations to her sex or race, except to allege that "all the people she dealt with on a daily basis were male" and that her supervisor was a white male.[1] Moreover, the pattern of hostility she alleges is hardly severe or pervasive. Raby points to no event or combination of events that a reasonable person would find threatening or humiliating. As such, she fails to establish a *prima facie* claim for relief for a hostile work environment. Furthermore, to the extent that plaintiff's claim is based on a

---

[1] The Court notes that Raby's supervisor was a white male until July 16, 2001, when he was replaced by Gerald Robichaux, a black male.

retaliation theory, Raby has pointed to no evidence that she
engaged in a protected activity.  *See* discussion, *infra.*

       *4.  Discharge*

     In her response to Westside's motion for summary judgment,
Raby asserts that her firing was retaliatory.  To survive summary
judgment in a Title VII retaliation case, the plaintiff must make
a *prima facie* showing: (1) that she engaged in activity protected
by Title VII, (2) that an adverse employment action occurred, and
(3) that a causal link existed between the protected activity and
the adverse action.  *Banks v. East Baton Rouge Parish School Bd.*,
320 F.3d 570, 575 (5th Cir. 2003).  An employee has engaged in
activity protected by Title VII if she has either (1) opposed any
practice made an unlawful employment practice by Title VII or (2)
made a charge, testified, assisted, or participated in any manner
in an investigation, proceeding, or hearing under Title VII.
*Grimes*, 102 F.3d at 140 (5th Cir. 1996).  Raby points to no
evidence that she engaged in any protected activity.  She thus
fails as a matter of law to state a *prima facie* case for
retaliatory discharge.

     Even if she had alleged a *prima facie* case of retaliation,
Westside could rebut her *prima facie* case with a legitimate, non-
discriminatory reason for its decision to terminate her.
*Burdine*, 450 U.S. at 253.  Westside asserts that Raby was

terminated because she had a personality conflict with her co-workers.  Westside has submitted evidence supporting its reasons for terminating Raby, including affidavits from her former coworkers stating that she had a bossy attitude, belittled her coworkers, and improperly injected herself into other employees' areas of authority.  Westside also points out that one of the other members of Westside's management was a woman, Cathy Este, who also felt that Raby had a "bossy attitude" and was "unpleasant to work around."  Westside has thus met its burden of articulating a non-discriminatory reason for firing Raby.  The burden ultimately lies with Raby to demonstrate that Westside's proffered explanation is a pretext.  *See Burdine*, 450 U.S. at 253.  A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered  explanation is false or unworthy of credence.  *Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir. 2003).  In either case, she must rebut each nondiscriminatory reason articulated by her employer.  *Id*.

     Raby contends that her problems at Westside sprang from the fact that Westside's management operated like a "boy's club" and her coworkers' inability to get along with her was merely a pretext to conceal gender discrimination.  Raby offers no evidence to support her assertions.  An employee's subjective

14

belief that she suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason. *See, e.g., Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Raby also points out that she was replaced by a man. While this fact might help Raby establish a *prima facie* case, this action is at the stage at which Raby must directly address Westside's reasons for terminating her employment. Raby points to no evidence indicating that she was treated differently from other employees on the basis of her sex or race or that Westside's proffered explanation for terminating her is unworthy of credence. Without more than Raby's accusations of the existence of a "boys club," the Court cannot find that she has met her burden of raising an issue of fact that Westside's stated reason for firing her is pretextual.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that all of Raby's allegations of discriminatory treatment under Title VII cannot survive judgment as a matter of law. Consequently, defendants' motion for summary judgment is GRANTED and plaintiffs' claims are DISMISSED.

New Orleans, Louisiana, this __16th__ day of June, 2006.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE